## UNITED STATES v. QUINN.

Nos. 10086, 10087.

United States Court of Appeals
Seventh Circuit.

May 23, 1950.

---

Raymond G. Quinn, pro se.

Otto Kerner, Jr., U. S. Atty., Joseph E. Tobin, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before FINNEGAN, LINDLEY and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

These appeals involve motions to vacate, set aside and cancel sentences imposed upon the defendant in the United States District Court for the Northern District of Illinois, Eastern Division. The appeals were heard together as the motions are identical in language and involve practically the same facts.

It appears from the files and records, as well as from the allegations of the defendant's petition, that:

The defendant was arrested on August 28, 1947, and arraigned before the Commissioner on a complaint charging possession of stolen mail.

On September 8, 1947, two indictments, one numbered 47 CR 555 and the other 47 CR 556, were returned by the September Grand Jury against the defendant. Number 47 CR 555 charged a violation of the Dyer Act, Sec. 408,[1] Title 18 U.S.C., and indictment number 47 CR 556 charged violations of postal laws. Sec. 347 and 317,[1] Title 18 U.S.C.

On September 10, 1947, the defendant, represented by counsel, appeared for arraignment and entered pleas of guilty to both indictments. On his plea of guilty he was sentenced on the mail charge, No. 47 CR 556, for a term of three years to follow the sentence he was then serving. The defendant was sentenced in cause number 47 CR 555 for a term of three years to run concurrently with the sentence imposed in number 47 CR 556.

The judgment order entered in case number 47 CR 556 showed the sentence to be three years and failed to state that the sentence was to follow and be consecutive to a sentence in cause number 27834, which the defendant was then serving.

On September 16, 1947, the defendant again appeared in court, represented by counsel, and on motion of the Government the court corrected the record to agree with the sentence as imposed on September 10, 1947. The defendant remained in the custody of the United States Marshal from the date of his arrest until September 18, 1947, when he was delivered to the warden of the United States Penitentiary, at Leavenworth.

On September 21, 1949, the present motions to vacate his sentences were filed. They were dismissed on the same day. These were the orders from which this appeal is prosecuted.

The motions, and the files and rec-

1. See 1948 Revised Criminal Code, 18 U.S.C.A. §§ 1702. 1708, 2311–2313.

ords of the cases show conclusively that the prisoner is entitled to no relief. On September 16, 1947, the court merely corrected its records by causing them to show what sentences were in fact imposed on September 10, 1947. This was permissible under Rule 36 of the Rules of Criminal Procedure for the District Courts of the United States, 18 U.S.C.A. It did not constitute a vacation of the original sentences.

■ Under the authority of United States v. Fleenor, 7 Cir., 177 F.2d 482, the trial court properly dismissed the motions without hearing, and its orders to that effect are therefore affirmed.