### UNITED STATES v. MORGAN.
### Cr. No. 4900.

United States District Court,
W. D. Arkansas, Fort Smith Division.
June 27, 1951.

R. S. Wilson, U. S. Atty., Charles A. Beasley, Jr., Asst. U. S. Atty., Fort Smith, Ark., for the Government.

Ed V. McDonald, Fort Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

On June 1 the defendant filed a motion to vacate judgment and sentence and to set aside the plea of guilty in this case. The motion is filed under Title 28, U.S.C.A. § 2255.

At the time the motion was filed, the Judge of the Court was busy with jury trials in another division and has had no time prior to the present to consider the motion.

On April 18, 1951, the court, upon the petition of the defendant, directed the Clerk to furnish to the defendant without cost to him a certified copy of (1) all docket entries, (2) the indictment, (3) judgment and commitment, (4) reporter's transcript of proceedings and (5) order appointing Edward V. McDonald, Jr., as attorney for defendant.

The motion contains seven paragraphs or allegations upon which the claim of the defendant is based, and these allegations will be referred to and discussed by the court in the order as made by the defendant in his motion.

(1) The defendant complains that he was arrested and confined on or about August 7, 1950, without due process of law and before any order or commitment was issued.

The record discloses that on July 24, 1950, Ralph E. Rawlings, Special Agent of the Federal Bureau of Investigation, filed a complaint before the United States Commissioner in Fort Smith, Arkansas, charging the defendant with violation of Title 18, U.S.C.A. § 659. The complaint alleges that the defendant on or about July 13, 1950, at Van Buren in the Western

District of Arkansas embezzled with intent to convert to his own use certain farm produce of the value of $1,902.75, consigned in interstate commerce from Van Buren, Arkansas, to Sioux City, Iowa. Warrant was issued on said complaint and the United States Marshal for the Southern District of Florida executed the same on August 7 by arresting the defendant. On the same date he was taken before the United States Commissioner for said District who issued a temporary commitment authorizing the commitment of defendant to jail in the event of his failure to execute and file an appearance bond in the sum of $3,000.

On August 10, 1950, the defendant was taken again before the said Commissioner for the Southern District of Florida and there, upon a preliminary hearing, the Commissioner found that there was probable cause to believe that the offense charged had been committed and that the defendant had committed it, and bond for his appearance in the District Court of the United States for the Western District of Arkansas, Fort Smith Division, was fixed at the sum of $5,000. Upon his failure to furnish the bond, he was committed to jail.

On the 14th day of August, 1950, Honorable William J. Barker, United States District Judge of the Southern District of Florida, issued a warrant of removal directing that the defendant be removed to the Western District of Arkansas. This warrant was executed and the defendant was removed from the Florida District and delivered to the Western District of Arkansas on August 27, 1950. In the meantime and on August 16 the indictment had been returned in this District.

(2) and (3) In allegations (2) and (3) the defendant complains that he was never served with a warrant of arrest and was not told of the nature of the charges against him, and that he was held in jail for fourteen days and was denied the advice of an attorney or consulation with friends.

These two allegations are clearly without foundation as shown by the documents referred to in the discussion under the first allegation.

(4) The defendant alleges that his attorney, Ed V. McDonald, Jr., had certain documents in his possession which should have been adduced at the trial and that the documentary evidence tended to show that the shipment of produce was not actually stolen as was charged in the complaint.

Omitting the formal parts, the indictment is as follows: "On or about July 13, 1950, in the Western District of Arkansas, the defendant Elmer Elsworth (Morgan) embezzled, stole and unlawfully took and carried away and obtained by fraud and deception 50 bushels of cucumbers; 75 sacks of corn and 396 lugs of tomatoes having a total value of $1,902.75, the property of Myers Commission Company of Van Buren, Arkansas, from the motor truck of said defendant transporting said produce as an interstate shipment of freight from Van Buren, Arkansas, to Haley-Neeley Company, Sioux City, Iowa, with intent to convert same to his own use."

As above stated, the defendant was delivered to the United States Marshal for the Western District of Arkansas on August 27, 1950, and on September 8 was brought before the court. At that time there was another indictment pending against him in Criminal Action No. 4899 charging the defendant with a violation of Title 18, U.S.C.A. §§ 2314 and 2312. The first count in the indictment charged him with transporting in interstate commerce from Norfolk, Virginia, to Van Buren, Arkansas, with fraudulent intent certain property stolen, converted and taken by fraud. A description of the property is set forth and it is alleged that the property belonged to W. J. Jasper of Norfolk, Virginia, and was of a total value of $6,100 and at the time of the transportation the defendant knew the property to have been stolen, converted and taken by fraud.

Count 2 charged the defendant with transporting in interstate commerce, contrary to Title 18, U.S.C.A. § 2312, from Van Buren, Arkansas, to Madison, Wisconsin, a certain stolen motor vehicle therein described, the property of W. J. Jasper,

of Norfolk, Virginia, knowing at the time the same had been stolen.

At that time the court advised the defendant of the pendency of the indictment in Criminal Action No. 4899 and explained the charges therein and, observing that the defendant did not have an attorney, proceeded to interrogate the defendant as to whether he desired an attorney; and, upon being advised that he did desire the services of an attorney, the court appointed Mr. Ed V. McDonald, Jr., a reputable attorney and a member of the bar of this court, to represent the defendant.

At the same time the court advised the defendant of the indictment in the instant case, Criminal No. 4900, and advised him of the allegations; and, upon the appointment of Mr. McDonald, the court advised defendant that Mr. McDonald would represent him in both cases and the order appointing Mr. McDonald directed that he represent the defendant in both cases. In order to give the defendant's attorney time to investigate the charges, the defendant was remanded to jail, and on September 29, twenty-one days later, was again brought before the court and was duly arraigned upon the instant case, Criminal No. 4900. He and his attorney were advised of the effect of a plea of guilty or a conviction upon the indictment and, upon being advised by the defendant and his attorney that they had discussed the charge and were fully cognizant of the same, the defendant entered a plea of guilty which the court accepted. Whereupon the United States Attorney advised the court that because of the expense that would be entailed in trying Criminal Action No. 4899 and that in all probability, if the defendant were convicted in Criminal No. 4899, he would not receive any greater sentence in that case than he might receive in Criminal No. 4900 that he desired to dismiss the indictment in No. 4899. Thereupon said indictment was dismissed. After the dismissal of the indictment in No. 4899, the court asked the defendant and his attorney if he desired that the instant case be finally disposed of at that time. His attorney stated that he felt that an investigation by the Proba-

tion Officer would not be harmful and the defendant was remanded to the custody of the Marshal to await the report of the Probation Officer. The pre-sentence report was duly received and on October 11, 1950, he was again before the court with his attorney, and, after full discussion of the facts, the defendant was sentenced by the court to the custody of the Attorney General of the United States or his agent for confinement in some institution for a period of two years.

(5) Allegation (5) merely sets forth the indictment and alleges that the defendant was not guilty and that the indictment was "erroneously drawn," and that the defendant had merely "violated a breach of trust."

(6) The defendant alleges that he was coerced into pleading guilty "by artful deceit on the part of F. B. I. Agent, name unknown, and U. S. Marshal M. Price," and that his attorney utterly failed to make a proper defense.

These allegations are carried forward in allegation seven and will be discussed under that allegation.

(7) In this paragraph the defendant alleges that, when he appeared before the court and entered his plea of guilty, he was "under coerced artful deceit, and misapprehension of law and facts based upon false statements, charges made to and against him by United States Government Officials, et al., to the effect that he the defendant had violated the Interstate Commerce law, Section 659, Title 18, U.S.C.A., and the defendant being coerced by artful deceit entered a plea of guilty to said offense. The time defendant appeared before the court, for plea and sentence, a fraud was perpetrated on both the defendant, and the court, either intentionally or unintentionally, by the United States Attorneys et al., when he or they willfully and erroneously stated to the court that the defendant had violated Section 659, Title 18, U.S.C.A., same being Theft of an Interstate Shipment. When in fact and in truth defendant had a 'Bill of Sale' for the shipment, the only crime defendant committed was a 'Breach of Trust,' which is not a Federal violation."

■ Under the provisions of Title 28, U.S.C.A. § 2255, unless the motion and files and record of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice of the filing of the motion to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect to the motion.

"Under this statute there is a preliminary question to be determined and that is whether or not 'the motion and the files and records of the court conclusively show that the prisoner is entitled to no relief.' If the court so concludes it will proceed no further but unless it so finds then the court 'shall cause notice thereof to be served upon the United States Attorney.'" Michener v. United States, 8 Cir., 177 F.2d 422, 424.

■ The court does not think that any useful purpose would be served by a formal hearing on the motion because, from the face of the motion and the files and record of the case, it conclusively appears that the defendant is not entitled to relief. The court had jurisdiction of the person of the defendant and of the offense charged. No constitutional rights of the defendant were infringed or violated and the sentence imposed was authorized by the statute, Title 18, U.S.C.A. § 659. See, Birtch v. United States, 4 Cir., 173 F.2d 316.

■ Apparently the defendant is laboring under the impression that he is entitled to a new trial, but the motion filed by defendant may not be used to review the proceedings of the trial as upon an appeal but merely to test the validity of the proceedings when judged upon the face of the record or by constitutional standards. Taylor v. United States, 4 Cir., 177 F.2d 194.

■ The allegations in paragraph 6 above set forth refer to proceedings before the United States Commissioner in Florida. The record shows that Marvin M. Price was the Deputy United States Marshal that arrested the defendant on the warrant issued by the United States Commissioner for the Western District of Arkansas, but the record also shows that there was a full hearing before the Florida Commissioner on August 10, 1950, and these allegations are not sufficient to show that any constitutional right of the defendant was disregarded in the hearing before the Florida Commissioner.

Giving to allegation No. 7, above set forth, the most liberal construction possible in favor of the defendant it can be construed as charging only that at the time the defendant pleaded guilty he was laboring under a misapprehension of the law and facts based upon what he terms false statements and charges made to and against him by the United States Government Officials to the effect that defendant had violated Title 18, U.S.C.A. § 659, and at the time the plea was entered a fraud was perpetrated upon the defendant and the court either intentionally or unintentionally by the United States Attorney in that the said officer willfully and erroneously stated to the court that the defendant had violated said statute.

■ It should be remembered that at the time the defendant was brought before the court for formal plea on the indictment, he was represented by an able attorney who had been zealous in the representation of the defendant. He was confronted with another indictment hereinbefore referred to and he and his attorney had been allowed 21 days in which to determine what kind of a plea should be entered. Of course, the indictment charged the defendant with a violation of Section 659 as alleged by the defendant in his motion, and the defendant thoroughly understood the charge as the transcript of the proceedings had at the time reflects. There is no factual allegation in the motion but mere conclusions are alleged, but these conclusions reveal that they are based upon the now present belief of the defendant that the indictment did not charge an offense. Clearly the motion is not sufficient to raise any question of fact showing a deprivation of a constitutional right. He entered a plea of guilty with full knowledge of the facts and the charge contained in the indictment, and upon the

advice of his attorney. The sentence imposed by the court is not excessive and is within the terms of the statute, and in view of the record it is the duty of the court to dispose of the motion without a hearing and without submitting findings of fact and conclusions of law. United States v. Sturm, 7 Cir., 180 F.2d 413; United States v. Fleenor, 7 Cir., 177 F.2d 482; United States v. Quinn, 7 Cir., 182 F.2d 252.

Subsequent to the plea of guilty and at the special instance and request of the defendant and his attorney sentence was deferred until the Probation Officer made an investigation. The report was duly submitted after the plea of guilty had been entered and that report reflects that the defendant stated to the Probation Officer that he was in Van Buren, Arkansas, on July 13, 1950, when he called on the Myers Produce Company and stated that the 1949 GMC truck then in his possession was going north and that the truck was empty and capable of hauling a large load. Upon this representation the Commission Company loaded the truck with 17,000 pounds of vegetables of the value of $1,902.75, with instructions to deliver the vegetables to Haley-Neeley Company, Sioux City, Iowa; that the Commission Company advanced him $100 to make delivery of the produce; but that he deliberately and willfully failed to deliver the produce to Sioux City, Iowa, but took it to Minneapolis, Minnesota, where he sold it for $1,375.

The defendant in his brief in support of the motion cites the case of Hite v. United States, 10 Cir., 168 F.2d 973. The court has examined that case and the cases of Stewart v. United States, 8 Cir., 151 F.2d 386, and Ackerson v. United States, 8 Cir., 185 F.2d 485, and is of the opinion that the rule announced in those cases does not govern in the case now before the court. Those cases were based upon the statute, 18 U.S.C.A. § 2312, which makes it an offense to transport and cause to be transported in interstate commerce a motor vehicle knowing at the time that the motor vehicle had been stolen, whereas the indictment in the instant case is based upon the statute which provides that "Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from * * * motortruck, or other vehicle * * * with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight" shall be guilty of an offense and where the goods so embezzled or converted shall exceed in value the sum of $100 the punishment provided for is a fine of not more than $5,000 or imprisonment not more than ten years, or both. 18 U.S.C.A. § 659.

An order overruling the motion is being entered this 27th day of June, 1951.