James S. GILLIAM, Appellant

v.

**UNITED STATES of America,**
Appellee.

No. 14900.

United States Court of Appeals
District of Columbia Circuit.

Argued May 12, 1959.

Decided June 18, 1959.

Mr. Carl R. Burns, Washington, D. C. (appointed by this court), for appellant.

Mr. Paul J. Spielberg, Asst. U. S. Atty., of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Messrs. Harry T. Alexander and Edgar T. Bellinger, Asst. U. S. Attys., also entered appearances for appellee.

Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from a final order of the District Court denying appellant's motion to vacate the court's order of March 18, 1958, hereinafter referred to.

On June 18, 1957, while serving a sentence imposed in Criminal Case No. 223–57 in the District Court, appellant was found guilty in the case before us. When he was brought before the court for sentence on August 29, 1957, the following, among other things, took place:

"The Court: You may serve three to ten years consecutive to Criminal 223–57. You want to say something else?

"Defendant Gilliam: Yes, the other is four to fifteen years; could I get that to run with that?

"The Court: No. Anything else?

"Mr. Leak (defense counsel): I have nothing to say, Your Honor."

However, when the formal order of judgment and commitment was presented to and signed by the judge on August 29, 1957, that order provided simply that appellant be committed to the custody of the Attorney General, or his authorized representative, for imprisonment for a period of three years to ten years. Nothing was said in the order about the sentence being consecutive to that being served by appellant.

On March 18, 1958, presumably acting under the authority of Fed.R.Crim.P. 36, 18 U.S.C.A.,[1] the court ordered the judgment and commitment to be corrected to read as follows:

"It Is Further Ordered that the fourth paragraph of the above mentioned judgment and commitment [August 29, 1957] be, and the same is hereby corrected by striking that portion thereof which reads as follows:

" 'Three (3) years to Ten (10) years'

and in its place and stead the following is hereby substituted:

" 'Three (3) years to Ten (10) years, to take effect at the expiration of sentence imposed in Criminal Case No. 223–57.' "

Appellant was not present on March 18, 1958.

Thereafter, and on October 3, 1958, appellant filed a motion with the District Court praying that the order of March 18 be vacated, alleging that the court on that date erroneously "changed" the effective date of his sentence. This motion was denied without hearing by the sentencing judge. In its memorandum and order of November 3, 1958, denying

1. "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

appellant's application to proceed on appeal without prepayment of costs, the court held:

"Because my own handwritten notes; the docket entry on the court jacket; and the court reporter's transcript reveal that I imposed a consecutive sentence, the motion [of October 3, 1958] was denied. Defendant now has made application to proceed on appeal from the order denying his motion without prepayment of costs.

"Because of the same reasons for denying the motion, I must conclude that the appeal is not taken in good faith and is frivolous. The application to proceed on appeal without prepayment of costs is therefore denied."

On December 9, 1958, this court granted appellant leave to proceed on appeal without prepayment of costs.

Appellant alleges that the denial of his motion to correct and vacate the order of March 18, 1958, should be reversed because (1) appellant was not present when his sentence was corrected; (2) correction was made by the same judge who had imposed the original sentence; (3) no evidence was produced as to the original sentence; and (4) there were no findings of fact, conclusions of law, decree, or statement of the evidence, accompanying the March 18 order.

■ Nowhere does appellant allege that the facts as to the imposition of the sentence were other than appear from the November 3, 1958 memorandum and order reflecting the evidence to be gleaned from the judge's notes, the actual docket entry by the clerk, and the official reporter's transcript relating to the sentence actually imposed in the appellant's presence. The judgment form, as corrected, comports fully with the evidence to be found in the described materials. Although Rule 36 provides for the correction of clerical errors after such notice, *if any*, as the court may order, and none was here ordered, we believe that as a general rule a defendant should be accorded the right to be present when an order of commitment is to be corrected. In the usual case, at least, we think that should be true even though the error be one merely arising in the preparation by a clerk of the commitment form. Thus a defendant, if present, would have the opportunity to object to the proposed correction and to show cause to the contrary, if any there be. Thereupon, the sentencing court may rule that a defendant is to be afforded no relief if properly the files and records of the case conclusively demonstrate that such should be the result.

Such was the procedure followed in United States v. Quinn, 7 Cir., 1950, 182 F.2d 252. There a similar situation existed. The judgment of commitment in that case showed the sentence to be three years but failed to state that the sentence was to follow and be consecutive to the sentence which the defendant was then serving in another case, although it was so provided at the sentencing in open court. The defendant later appeared in court, represented by counsel, and on motion of the Government the court corrected the record to agree with the sentence as imposed originally in open court. Later, appellant filed a motion to vacate the amended judgment. On these facts the appellate court held that, as the records of the case showed conclusively that the defendant was entitled to no relief, the trial court had properly corrected its record to show what sentences were in fact imposed at the time of the sentences in open court. The court said:

"This was permissible under Rule 36 of the Rules of Criminal Procedure for the District Courts of the United States, 18 U.S.C.A. It did not constitute a vacation of the original sentences." 182 F.2d at page 254.

■ We recognize, of course, that the pronouncement of sentence constitutes the judgment of the court. See Kennedy v. Reid, 1957, 101 U.S.App.D.C. 400, 403, 249 F.2d 492, 495. Although the order of judgment and commitment is merely evidence of this sentence, never-

theless it is important in that it constitutes the authority under which the Attorney General, or his authorized representative, obtains custody of the prisoner for a specific term of imprisonment.

Obviously then, any change in the commitment papers, whether it be a clerical correction or otherwise, which would increase the total term of confinement is of grave concern to the prisoner and an opportunity to be heard may properly be afforded to him before the correction is noted. In Kennedy v. Reid, we held that, except as to purely perfunctory aspects, it is the better practice to command the presence of the prisoner before the necessary correction is made.

Here, however, we have a very different situation from that presented in Kennedy v. Reid, supra, or in United States v. Quinn, supra. Here the prisoner was serving the first sentence previously imposed in criminal case No. 223–57. He has made no allegation that the facts as to the imposition of his sentence in criminal case No. 926–56 are other than those recited in the November 3, 1958 memorandum and order of the sentencing court. That the sentence was entirely correct as pronounced is clear. That it was so pronounced is amply established by adequate "materials," previously identified. His motion asked that the court proceed under Rule 35, which expressly provides: "The court may correct an illegal sentence at any time." The ground for his motion was that the court lacked power to make the correction because he had started to serve the sentence imposed on August 29, 1957. His motion makes no suggestion that the result would have been different in any respect had the appellant been present. Were we, on the other hand, to treat appellant's motion as one arising under § 2255, we would have no hesitancy in deciding that the files and the records conclusively show that the appellant is entitled to no relief, and in that view we would now affirm without more.[2]

We are nevertheless constrained to a different view simply because the prisoner has filed an artless, *pro se* motion. As against the possibility that the appellant may be in position to submit appropriate allegations and a proffer of evidence of some sort in support thereof to demonstrate that the files and the records of the court did not reflect the facts to be as set forth in the sentencing court's memorandum and order of November 3, 1958, we remand the case to the District Court with directions that appellant be given an opportunity within thirty days to amend his motion accordingly. If the sentencing court, after such amendment, shall conclude that a sufficient showing has been made, a hearing should be ordered before a judge other than the sentencing judge as it might be necessary for the sentencing judge to be a witness. See Downey v. United States, 1937, 67 App.D.C. 192, 91 F.2d 223. Absent a showing as to an actual controversy as to what happened on August 29, 1957, the order denying relief is to be affirmed.

Remanded with directions.

---

**2.** Cf. Heflin v. United States, 1959, 358 U.S. 415, at page 422, 79 S.Ct. 451, at page 455, 3 L.Ed.2d 407