UNITED STATES of America, Plaintiff,

v.

Clennie Joe BUCHANAN, Simpson Bryan Cross, George Henson, George Jack Hutchison, Defendants.

No. 12619.

United States District Court
E. D. Kentucky,
London Division.

June 14, 1961.

Jean L. Auxier, U. S. Atty. for Eastern District of Kentucky, Lexington, Ky., for the United States.

Simpson Bryan Cross, pro se.

SWINFORD, District Judge.

By a letter dated May 21, 1961, and received by the undersigned judge on May 29, 1961, the defendant Simpson Bryan Cross asks the court to correct the judgment in this case to conform to the sentence pronounced from the bench, as disclosed by a transcript of the proceedings.

The letter is marked filed as of the date received and treated as a motion to correct the sentence under the provisions of Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A. The court has jurisdiction to correct its record to speak the truth. Wilson v. Bell, 6 Cir., 137 F.2d 716.

The judgment as entered recites the sentence of the defendant to be a number of years in prison on each of five counts concurrently "and a fine of $10,-000 on Count One and Costs $8.75." It further states, "the defendant is to be further imprisoned until payment of the fine or fine and costs."

The transcript reveals that at the time of pronouncement of the sentence from the bench the court did not state that the defendant was to stand committed until payment of the fine and costs as recited in the written judgment and quoted above. He is not therefore to be held beyond the prison term of five years, and the part of the judgment entered which purports to do this is void and should be stricken.

Where the judgment directs imprisonment until the fine or penalty imposed is paid, issue of execution shall not discharge the judgment. 18 U.S.C.A. § 3565. Upon prescribed showing and after taking the statutory oath, an indigent prisoner after confinement of thirty days for non-payment of a fine shall be discharged, but of course remaining liable for the full amount of the fine and costs. 18 U.S.C.A. § 3569. It is within the discretion of the court, to direct that the defendant be imprisoned until the fine is paid, but "if the direction for imprisonment is omitted, the remedy by execution is exclusive. Imprisonment does not follow automatically upon a showing of default in payment." Hill v. United States ex rel. Wampler, 298 U.S. 460, 463, 56 S.Ct. 760, 762, 80 L.Ed. 1283.

In the pronouncement from the bench, nothing was said about the commitment of the prisoner until payment of the fine. Thus, there is a variance between the judgment stated to the defendant from the bench and the written judgment of record. The prisoner is entitled to have the language in the pronouncement construed most favorably to him. Gaddis v. United States, 6 Cir., 280 F.2d 334, 336.

The sentence set forth in the judgment must be imposed in the presence of the defendant. Rule 43, Federal Rules of Criminal Procedure; Payne v. Madigan, 9 Cir., 274 F.2d 702, affirmed 81 S.Ct. 1670.

It must be recognized that the pronouncement of sentence constitutes the judgment of the court and that the written judgment and commitment is merely evidence of the sentence. Where the record definitely establishes what the oral pronouncement was, it must prevail. Gilliam v. United States, 106 U.S.App.D.C. 103, 269 F.2d 770; Kennedy v. Reid, 101 U.S.App.D.C. 400, 249 F.2d 492.

An order in conformity with this memorandum is this day entered.