**Hadley W. STEPHENS, Appellant,**

v.

**CITY OF ANCHORAGE, Appellee.**

**No. 343.**

Supreme Court of Alaska.

Sept. 5, 1963.

Hadley W. Stephens in pro. per.

Clyde C. Houston and Vasken Minasian, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Stephens was found guilty in a district magistrate court of driving at an excessive speed and was fined $8. He appealed to the superior court where the case was heard on the record and the judgment and sentence affirmed. On appeal to this court Stephens presents six questions for review. We shall pass upon none of them, because the lateness of the appeal requires that it be dismissed.

The superior court's order was entered September 13, 1962. Stephens filed a motion for rehearing which was denied on October 1, 1962. His notice of appeal to this court was not filed until January 14, 1963, which was well beyond the ten-day

---

period prescribed by Supreme Ct. R. 19 (b).[1]

There is nothing in the record which persuades us to relax or dispense with the time requirement for filing the notice of appeal.[2] It is true, as Stephens points out, that the clerk of the superior court did not notify him of the entry of the order denying his motion for rehearing, in accordance with Crim.R. 44(c).[3] But failure to give such notice does not in itself extend the time for taking an appeal; and in this case we do not consider the lack of formal notice as a factor which would impel us, in order to avoid injustice, to dispense with the time period prescribed by rule.

Stephens obviously was aware of the proceedings in the superior court. The day following entry of the order affirming the magistrate court's judgment, he filed a motion for rehearing. On the same day he notified appellee's counsel that the motion would be brought up for hearing before the court a week later, on September 21, 1962. At the time specified in the notice Stephens failed to appear in the superior court. The motion was denied ten days later, on October 1. Under these circumstances, we believe that Stephens should be charged with the duty of having to follow the progress of his motion for rehearing and to advise himself of its disposition by the court.

The appeal is dismissed.

1. Supreme Ct.R. 19(b) provides in part:
   *"Time for Taking Appeal.* An appeal by a defendant may be taken within ten (10) days after entry of the judgment appeal from, but if a motion for a new trial or an arrest of judgment has been made within the ten (10) day period, an appeal from a judgment of conviction may be taken within ten (10) days after entry of the order denying the motion."

2. Supreme Ct.R. 52 provides:
   *"Construction.* These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice."
   See Vogt v. Winbauer, Opinion No. 117, 376 P.2d 1007 (Alaska 1962).

3. Crim.R. 44(c) provides:
   *"Notice of Orders.* "Immediately upon the entry of an order made on a written motion subsequent to arraignment, the clerk shall mail to or otherwise serve on each party affected thereby a notice thereof and shall make a note in the docket of the mailing or other service."