**Frank SASSER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 16282.**

United States Court of Appeals Sixth Circuit.

Nov. 17, 1965.

Frank Sasser in pro. per.

Lawrence Gubow, U. S. Atty., Paul D. Borman, Asst. U. S. Atty., Detroit, Mich., on brief, for appellee.

Before PHILLIPS, Circuit Judge, BROWN, District Judge,* and GREEN, District Judge.**

PER CURIAM.

On November 28, 1960, appellant was convicted as an habitual violator of the narcotics laws pursuant to 26 U.S.C.A.

---

* U. S. District Judge for the Western District of Tennessee sitting by designation.

** U. S. District Judge for the Northern District of Ohio sitting by designation.

§ 7237. Under the circumstances, a sentence of at least ten years was mandatory. The sentence imposed was twelve years imprisonment, subject, however, to the provision of 18 U.S.C.A. § 4208(a) (2), whereby appellant would become eligible for parole at such time as the board of parole might determine. On March 14, 1961, the court, recognizing that it had no authority to invoke Sec. 4208(a) (2), on its own motion corrected the sentence by striking therefrom all reference to that section. On February 5, 1964, appellant filed a "motion to correct an illegal sentence," contending therein only that the court acted illegally in correcting the sentence because appellant had no notice and was not present when this was done. This motion was denied; thereafter, however, the court granted appellant's motion to rehear and on June 29 and 30 and July 1, 1964, held a hearing with appellant and court-appointed counsel present. At the hearing, appellant sought to persuade the court to impose a lesser sentence than imprisonment for twelve years. The court, however, refused to do this, and at the conclusion of the hearing, the court corrected the original sentence by pronouncing a 12-year sentence without reference to Sec. 4208(a) (2), effective November 28, 1960. An order was so entered.

Appellant's first contention, as we understand it, is that because the court during the hearing indicated that it might impose a ten year sentence, it in some way bound itself to do so. It appears that the court, after pointing out that the sentence could not be less than ten years, stated that it would call the warden where appellant had been imprisoned, and if the report as to appellant's conduct was favorable, it would be inclined to impose the minimum sentence. However, the next day the court stated that it had concluded that such a procedure would be improper and then pronounced the corrected sentence. While it is true that the pronouncement of sentence represents the judgment of the court and that the order of judgment is merely evidence of the sentence (Gilliam v. U. S., 106 U.S.App.D.C. 103, 269 F.2d 770 (1959)), the record is clear that the court was not pronouncing sentence when it indicated the possibility of imposing a ten year sentence and that the corrected sentence of twelve years was the only sentence pronounced during the hearing.

Appellant's other contention, as we understand it, is that in correcting the sentence by striking the reference to Sec. 4208(a)(2), the court imposed a more severe sentence than had theretofore been imposed, which, appellant contends, the court was powerless to do. Appellant is not explicit as to what the court was required to do, but we assume that it is appellant's position that the court was required to impose a corrected sentence of no more than the statutory minimum. It is sufficient to say, in answer to this contention, that if a sentence is invalid and is successfully attacked by a defendant, he may be resentenced though the resentence increased the punishment. Hayes v. U. S., 102 U.S.App.D.C., 1, 249 F.2d 516 (1957), cert, denied 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed. 2d 586, and cases cited therein.

Affirmed.