**John L. GRAYBILL, Appellant,**
v.
**STATE of Alaska, Appellee.**
**No. 1939.**

Supreme Court of Alaska.
May 20, 1974.

**540**

Leroy J. Barker, of Robison, McCaskey, Strachan & Hodge, Anchorage, for appellant.

Stephen G. Dunning, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, John E. Havelock, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J. and CONNOR, ERWIN, and BOOCHEVER, JJ.

CONNOR, Justice.

Appellant Graybill was charged with the possession and transportation of a bear hide by airplane [1] when not permitted to do so by applicable regulations in violation of AS 16.05.920.[2]

After jury trial, Graybill was convicted of both counts, given a six-month suspended sentence and placed on probation. The conditions of Graybill's probation included revocation of his hunting license for one year and forfeiture of the airplane used in the violation. The state asked specifically for the last penalty because Graybill had previously been convicted of using the airplane to violate game laws. No appeal was taken from this judgment, entered August 24, 1972.

On January 18, 1973, the state moved to amend the conditions of probation to require Graybill to execute a bill of sale of the airplane to the state and turn over his log books for the airplane. In a separate motion the state moved to "clarify" the judgment by adding a brief description of the forfeited airplane, including its registration number.[3] The impetus behind both motions was the need to re-register the aircraft with the FAA and the difficulty the state was having in so doing. According to the state, in order to obtain title through the FAA records office, the judgment must show the registration number of the aircraft.

Both motions were opposed by Graybill. His principal objections were that the state had cited no authority which would allow the court to impose additional conditions six months after judgment or which would allow it to "clarify" the judgment.[4] Graybill further contended in a memorandum in

---

1. The airplane was referred to in the complaint as a "Piper Aircraft No. N3373B."

2. AS 16.05.920 states in part:
   "(a) Unless permitted by this chapter or by regulation made under this chapter, it is unlawful for a person to take, possess, transport, sell, offer to sell, purchase, or offer to purchase fish, game or marine aquatic plants, or any part of fish, game or aquatic plants, or a nest or egg of fish or game."

3. The original judgment stated the following as a special condition of probation: "DEFENDANT TO FORFEIT AIRCRAFT." The state's motion to clarify requested that the words "NAMELY, 1 PA 18 SUPER CUB N3373B" be added to the above.

4. Appellant did not include in his statement of points on appeal this contention concerning the state's failure to cite authority. Thus, we do not deal with it here.

opposition to the state's motions that the statute he was convicted of violating contains no provision allowing a court to impose the penalty of forfeiture of the aircraft. Thus, argued Graybill, the court was without authority to modify the conditions of probation as requested by the state.

At the hearing on the state's motions, the state moved orally to add the manufacturer's serial number to the judgment in addition to the registration number. Graybill objected to the failure of the state to give notice of this request. The court replied that Graybill could move for reconsideration if he could show any prejudice. No such motion was made.

On February 14, 1973, the court entered an order amending the judgment of August 24, 1972, so as to identify the airplane ordered forfeited.[5] The court refused to order Graybill to sign a bill of sale or to turn over his log books for fear that such action might enable this court to review the matter.

Graybill now asks that we review the case.

He contends that the superior court did not have the power to forfeit the aircraft in a criminal proceeding based on AS 16.-05.920. Graybill and the state appear to agree that this is the sole question on appeal.

■ If this were truly the sole issue, the appeal could be dismissed quite summarily as untimely. Supreme Court Rule 19 required a defendant to give notice of appeal from a judgment with 10 days after entry if there were no motions extending time for appeal.[6] Graybill did not appeal within the 10 days specified and does not now appeal the August 1972 judgment which ordered forfeiture of the aircraft. Nearly six months after the original judgment, one of the conditions of probation was amended to add certain descriptive information in order to more clearly identify the already forfeited aircraft. It is only this amendment that Graybill's notice of appeal purports to contest, and it is only from this amendment that he may now appeal.[7] Certain post-conviction motions do extend the period for taking an appeal, e. g., a motion for a new trial or for arrest of judgment. But, clearly, an order of the type involved here does not revive the defendant's expired right of appeal.[8]

■ It might also be noted that Graybill did not raise any objection to the forfeiture itself in the court below. At the hearing on the state's motions, Graybill's counsel asserted that he was contesting only the amendment and not the forfeiture,[9] although we note that his memorandum in opposition to the motions could possibly be interpreted as raising the issue. Besides being untimely, this contention should therefore be treated as abandoned.

■ The motion which the lower court granted is best categorized as a motion to

---

5. The amended judgment and order of probation reads as follows:
   "Defendant to Forfeit Aircraft to the State of Alaska, Dept. of Public Safety. Serial no. of said aircraft 18–3498; registration PA–18A–135."
   no. N–3373B; aircraft make and model:

6. Supreme Court Rule 19 was replaced and amended by Appellate Rule 19, effective March 15, 1973. Appellate Rule 19 allows 30 days after entry of the judgment within which to appeal.

7. This is not changed by the fact that appellant's brief deals only with the question of whether the forfeiture was itself lawful and not with the propriety of allowing a clarifying amendment to the judgment.

8. See Radich v. Fairbanks Builders, Inc., 399 P.2d 215, 216–217 (Alaska 1965), for a discussion of a similar issue in a civil appeal.

9. At the February 14, 1973, hearing, Graybill's counsel stated:
   "Your Honor, the court's order of forfeiture we did not question at the time and we do not question now. Now in the first place, we did oppose both of the state's motions and we opposed them in a timely fashion. I submit, Your Honor, that the terms and conditions that they are asking to be amended—that's all we're talking about here today."

correct a clerical error under Criminal Rule 36.[10] Such a motion can be made at any time in order to bring the judgment into accord with the court's original intent insofar as that intent is clearly ascertainable from the record. Here the court ordered the defendant to forfeit the aircraft which had been utilized to violate game laws. Later it became necessary for administrative reasons to identify the aircraft more specifically. The court's intent was obvious, and it simply amended the judgment to more clearly reflect that intent. Graybill claims no prejudice from the correction, nor could he in good faith. There was and is no real doubt about the identity of the aircraft in question. It was seized at the time of Graybill's arrest and was still in the state's possession when the judgment was amended.

An order entered pursuant to Criminal Rule 36 to correct a clerical error may be appealed. *See* Borum v. United States, 133 U.S.App.D.C. 147, 409 F.2d 433, 439–441 (1967), cert. denied, 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969); Gilliam v. United States, 106 U.S.App.D.C. 103, 269 F.2d 770 (1959), dealing with Rule 36 of the Federal Rules of Criminal Procedure, substantially the same as the Alaska rule.

A party appealing from a Criminal Rule 36 order must show some prejudice from that order. That is, while he can contest new burdens imposed pursuant to the rule, he cannot use such an order as a base from which to launch attacks on parts of the judgment unchanged by the Criminal Rule 36 order. Thus, Graybill could not appeal from a Criminal Rule 36 order in this case on the ground that the original forfeiture was illegal.

While Appellate Rule 46[11] states that the rules of appellate procedure are designed to advance justice and may be dispensed with where a strict adherence will work surprise or injustice, Graybill points to no surprise or injustice, nor to any reason why he did not appeal the forfeiture within the prescribed 10 days. In Stephens v. City of Anchorage, 384 P.2d 959 (Alaska 1963), we refused to hear an appeal filed approximately 90 days late, in the absence of a showing of surprise or injustice.

This is not to say that Graybill is without a remedy if an illegal sentence has been imposed. He may petition for relief under Criminal Rule 35(b)(3): "Any person who has been convicted of . . . a crime and who claims . . . that the sentence imposed exceeded the maximum authorized by law . . . may institute a proceeding under this rule to secure relief." But it is not possible to treat this appeal as a Criminal Rule 35(b) petition, as that petition must be filed in the sentencing court, not this court.

We conclude that the appeal, insofar as it attempts to bring up the question of the legality of the forfeiture, is untimely.

We further conclude that the clarifying description added to the conditions of probation was a proper modification under Criminal Rule 36.

Appeal dismissed.

FITZGERALD, J., not participating.

10. Criminal Rule 36 states:
"Clerical mistakes in judgments, orders or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time and after such notice, if any, as the court orders."

11. Appellate Rule 46 was formerly Supreme Court Rule 52. The text of the two rules is identical. Appellate Rule 46 became effective March 15, 1973. The present case was noticed for appeal on February 26, 1973.