proceeding specifically provided for by the second and third paragraphs of Section 17 which authorize a seizure by the Department and the bonding thereof by the claimant furnishing a recognizance fixed by the court in the forfeiture proceedings. Seizure or sequestration of the vessel by the court occurs only in the event it is ordered forfeited at which time it is turned over to the Sheriff for sale at public auction.

The judgment appealed from is annulled and set aside; the exception of no right or cause of action is overruled and the case is remanded to the Seventeenth Judicial District Court for further proceedings according to law and consistent with the views herein expressed. The costs of this appeal are to be paid by Horace Authement; other costs are to await further proceedings.

O'NIELL, C. J., absent.

Ellender & Wright, of Houma, and Harvey A. Peltier, of Thibadeaux, for defendant-appellee.

McCALEB, Justice.

This case was consolidated for argument with case No. 38,883 of our docket entitled Department of Wild Life and Fisheries v. The Baltimore No. 218839, 213 La. 956, 36 So.2d 1 this day decided and involves the identical question presented therein.

For the reasons there assigned, the judgment herein is annulled and set aside, the exception of no right or cause of action is overruled and the cause is remanded to the Seventeenth Judicial District Court for further proceedings in accordance with law and consistent with the views expressed in our opinion in case No. 38,883 of our docket. The costs of this appeal are to be paid by claimant, R. J. Boudreaux; other costs to await further proceedings.

36 So.2d 4

### DEPARTMENT OF WILD LIFE & FISHERIES v. Lugger The TIMOTHY and Lugger The SIBERIA NO. 20E292

No. 38884.

June 1, 1948.

Harry P. Gamble, Sr., of New Orleans (Leonard Greenburg, of Houma, of counsel), for plaintiff-appellant.

36 So.2d 5

### STATE ex rel. HOPE et al. v. HICKEY, Recorder of Mortgages.

No. 37825.

June 1, 1948.

