McCALEB, Justice.
 

 The Department of Wild Life and Fisheries, having seized the vessel Baltimore No. 218839 for engaging in shrimp trawling during the closed season within the coastal or inside waters of the State in violation of Act No. 143 of 1942, as amended by Act No. 78 of 1946, instituted this proceeding in rem in the Seventeenth Judicial District Court for her forfeiture under the provisions of Section 17 of the law. Alleging that the vessel was owned by one Plorace Authement and that she was being operated at the time of the asserted violations of law by one Haze Porche, it prayed that they, as owner and operator, respectively, be cited to appear; that, after due proceedings, the court decree a forfeiture of the vessel or, alternatively, for her suspension from operation in shrimp fisheries during the open season and further that, if the offense charged be proved to- have been committed without the knowledge and consent of her owner that Porche, her operator, be enjoined and suspended from engaging in shrimp fishing for a period of not less than 60 days nor more than six months and, in addition thereto, be fined and imprisoned, or both, within the discretion of the court.
 

 Upon the filing of the petition, the district judge issued an order for the bonding of the vessel by any person in interest upon the execution of a forthcoming bond in the sum of $500. In due course, Horace Authement appeared, claimed ownership and bonded the vessel. He also filed an exception of no right or cause of action to the petition of the Department, contending (1) that an independent forfeiture proceeding cannot be maintained under Section 17 of Act No. 143 of 1942, as amended, but that the section contemplates only the forfeiture of vessels and other property in connection with a conviction of the operator of the vessel for violating the law and (2) that the action in rem cannot lie as it is not accompanied by a writ of sequestration or provisional seizure issued by the court.
 

 After a hearing on this exception, the district judge, believing that the first ground thereof was well taken, sustained it and dismissed- the suit. Wherefore this appeal.
 

 Section 17 of the Act, as amended, insofar as pertinent to a discussion of the first
 
 *959
 
 point on which the exception of no cause of action is pitched, reads as follows:
 

 “Section 17. (As amended and re-enacted by Act 78 of 1946). That any person violating any provisions of this Act, where fine or imprisonment has not been otherwise provided, shall be guilty of a misdemeanor and shall on conviction thereof be fined not less than Twenty-five Dollars ($25.00) or not more than One Hundred ($100.00) Dollars for the first offense, nor less than One Hundred ($100.00) Dollars nor more than Two Hundred ($200.00) Dol-. lars for the second offense -and for the third offense the fine shall not be less than One Hundred ($100.00) Dollars nor more than Two Hundred ($200.00) Dollars and in addition the license under which operations are being conducted shall be revoked. For each offense the courts may impose a sentence in the parish jail for not less than five (5) days nor more than thirty (30) days, or may impose both fine and imprisonment at the discretion of the court for each offense; and in addition thereto, and in the same proceeding the boats, seines, trawls, vehicles' or other devices used in such violation, may be forfeited by order of the court, and delivered to the Department of Wild Life and Fisheries for disposition at discretion.
 

 “Vessels, airplanes, vehicles or other form of transport'used in the illegal taking or transportation of salt water shrimp shall be seized and taken into possession by the Department of Wild Life and Fisheries which is authorized to permit release of said seizure upon the owner, or person in charge thereof, furnishing a forthcoming bond with good and sufficient surety in an amount not to exceed Twenty-five Hunderd ($2,500.00) Dollars as fixed and approved by the Judge of the District Court having jurisdiction.
 

 “The vessel, airplane, vehicle, or other thing (all hereinafter designated the thing) shall be liable to forfeiture upon proceedings being instituted to that end by the District Attorney having jurisdiction or the Department of Wild Life and Fisheries through its authorized attorney. The District Court is authorized to decree the forfeiture of such thing which shall be sold at public auction by the Sheriff, without the necessity of appraisement, but after notice of seizure and advertisement as prescribed by law for the sale of movable property seized under a writ of fieri facias. The proceeds of such sale, less the cost of seizure, keeping and sale, shall be paid into the State Treasury to the credit of the Department of Wild Life and Fisheries; sje. jjc *
 
 >f
 

 The District Judge was of the opinion that the forfeiture proceedings provided for against vessels, airplanes, etc. used in the illegal taking or transportation of salt water shrimp were inseparably connected with a criminal proceeding and that the Legislature contemplated that the law violator be convicted as a condition precedent to the maintenance of a forfeiture.
 

 
 *961
 
 We think that he erred. The first paragraph of Section 17, supra, in prescribing the fine and imprisonment of any person violating the provisions of the Act, declares that “in addition thereto, and in the same proceeding the boats, seines, trawls, vehicles or other devices used in such violation, may be forfeited by order of the court * * The second paragraph, which we consider to be wholly independent of the provisions of the first paragraph, states, in substance, that “Vessels, airplanes, vehicles, or other form of transport used in the illegal taking or transportation of salt water shrimp shall be seized * * * by the Department * * And the third paragraph continues that “the vessel * * * or other thing shall be liable to forfeiture upon proceedings being instituted * *
 

 Thus, the first paragraph deals chiefly with fines against and imprisonment of persons violating the law, coupled with a grant to the court, in the event of conviction, to confiscate the devices (boats, seines, trawls, vehicles) used by the law violator. Paragraphs two and three prescribe for the seizure and forfeiture of vessels and vehicles illegally used in the transportation of salt water shrimp; provides for notice to the owner and judgment of forfeiture or suspension of the vessel in certain cases.
 

 That the forfeiture proceedings provided for by the second and third paragraphs of Section 17 of the Act as presently amended are not in anywise conditioned upon previous criminal action will be readily gleaned from an examination of the prior shrimp legislation of this State. The original law enacted for the protection of salt water shrimp, Act No. 245 of 1910, made no provision for independent forfeiture proceedings against vessels or other vehicles used in the unlawful taking or transportation of the shrimp. Its penal provisions were practically identical (respecting summary forfeiture of boats, seines, etc. at the time of conviction) with those of the first paragraph of Section 17 of the present law.
 
 [1]
 
 Provisions authorizing separate forfeiture proceedings were initially introduced in the law of 1926 and are found in Section 19 of Act No. 103 of that year. The first paragraph of that section refers to criminal actions and summary forfeitures and is substantially a reenactment of the penal clauses contained in the prior laws. The second paragraph, however, similar to the present law, declares that “Vessels, their tackle and apparatus, used in illegal taking of salt water shrimp from the waters of the State * * * shall be seized and taken into possession by the of
 
 *963
 
 ficers or inspectors of the Department of Conservation * * *. Such vessel shall be liable to forfeiture upon proceedings being instituted to that end by the District Attorney having jurisdiction * *
 
 *.”
 

 [2]
 

 These provisions, with minor variations, were repeated in Section 17 of Act No. 143 of 1942 and again in the amendment by Act No. 78 of 1946 which added certain clauses to Section 17, modifying the stringent forfeiture provisions (by permitting the suspension of a vessel from the shrimp trade where it appears that an outright forfeiture would be unjust) providing for suspension of the operator of the vessel in forfeiture cases and describing in greater detail the procedure to be followed.
 

 The second ground of the exception of no cause of action is that it was necessary to the validity of the forfeiture proceedings for the Department to have prayed for and obtained an order of provisional seizure or sequestration of the vessel. This contention is founded on the provisions of the fifth paragraph of Section 17 of the Act, declaring that: “Proceedings’ herein shall be in rem insofar as not inconsistent with the provisions of this section; and the in rem proceedings provided for in Act 381 of the' Legislature of 1938 shall be followed so long as existent when not inconsistent with the foregoing * *
 

 It is said that, since-Section 4 of Act No. 381 of 1938
 
 [3]
 
 requires that the claimant of a lien and privilege pray for the seizure and sale of the vessel, such a prayer and order for a provisional seizure is essential in forfeitures authorized by Section 17 of Act No. 143 of 1942, as amended.
 

 The point is not tenable. The Department does not claim a lien on the vessel and it does-not desire the Court to issue process for its seizure. Provisional seizure by the Court is wholly unnecessary in a case of this kind for the reason that seizure has already been effected by the Department in accordance with the second paragraph of Section 17 of the statute.
 

 The provisions of the fifth paragraph relied upon by claimant, which declare that the in rem proceedings shall be in accordance with those provided for by Act No. 381 of 1938, apply only in case there is no inconsistency between the provisions of Section 17 and those of the 1938 Act. Obviously, the claim for a lien coupled with a prayer for a provisional seizure of the vessel is utterly discordant with the in rem
 
 *965
 
 proceeding specifically provided for by the second and third paragraphs of Section 17 which authorize a seizure by the Department and the bonding thereof by the claimant furnishing a recognizance fixed by the court in the forfeiture proceedings. Seizure or sequestration of the vessel by the court occurs only in the event it is ordered forfeited at which time it is turned over to the Sheriff for sale at public auction.
 

 The judgment appealed from is annulled and set aside; the exception of no right or cause of action is overruled and the case is remanded to the Seventeenth Judicial District Court for further proceedings according to law and consistent with the views herein expressed. The costs of this appeal are to be paid by Horace Authement; other costs are to await further proceedings.
 

 O’NIELL, C. J., absent.
 

 [1]
 

 Section 11 of Act No. 245 of 1910 provided a penalty of fine and imprisonment for violating the law “and in addition thereto the boats, seines or other devices used in such violation may be confiscated by order of the court.” This Act was amended in matters not pertaining to penalties or seizure by Acts Nos. 168 of 1912, 59 of 1914 and 193 of 1916. Act No. 86 of 1918 carries the same penalty confiscation clause; also Act No. 68 of 1920 and Act No. 140 of 1924.
 

 [2]
 

 See also Act No. 61 of 1930 relating to severance tax and Act No. 50 of 1932, another act on the same subject, which contains the same language with relation to seizure and confiscation as Act No. 103 of 1926.
 

 [3]
 

 This Act has for its purpose the creation of a lien and privilege on steamships, tugs, barges, water craft and vessels of every kind to secure payment for injury, loss or damage occasioned within the territorial jurisdiction of Louisiana to persons or property by such craft resulting from the torts of those in charge of the craft. It authorizes and fixes the venue of proceedings in rem against the offending craft and provides the procedure to effect recovery and to enforce a lien and privilege.