**John L. GRAYBILL, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 2386.

Supreme Court of Alaska.

Jan. 23, 1976.

LeRoy J. Barker, Robertson, Monagle, Eastaugh & Bradley, Anchorage, for appellant.

Avrum M. Gross, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

CONNOR, Justice.

This appeal questions the procedure by which an aircraft was ordered forfeited because it was used in violation of the game laws.

Appellant Graybill was charged on two counts: (I) possession and (II) attempted transportation of a bear hide by airplane [1] when not permitted to do so by applicable regulations, in violation of AS 16.05.920.[2] After a jury trial, Graybill was convicted on both counts. On Count I (possession) he was given a six-month suspended sentence. On Count II (attempted transportation) he was sentenced to a one-year revocation of his hunting license and forfeiture of his aircraft.[3]

Following his conviction, Graybill appealed to this court, urging that the superior court lacked the authority in a criminal proceeding to order a forfeiture of the aircraft.[4] We dismissed the appeal as

---

1. The airplane was referred to in the complaint as a "Piper Aircraft No. N3373B."

2. AS 16.05.920 provides in part:
   "(a) Unless permitted by this chapter or by regulation made under this chapter, it is unlawful for a person to take, possess, transport, sell, offer to sell, purchase, or offer to purchase fish, game or marine aquatic plants, or any part of fish, game or aquatic plants, or a nest or egg of fish or game."

3. This was the sentence imposed by the trial judge in open court. We note, however, that both the judgment and order of probation of 24 August 1972 and the amended judgment and order of probation of 14 February 1973 reflect conviction on only the possession count, and impose revocation of the hunting license and forfeiture of the aircraft as special conditions of probation. The record shows that

the jury returned a guilty verdict as to both counts, and Graybill does not dispute conviction for both possession and attempted transportation. The trial judge carefully considered the form by which he imposed sentence in court. We must remand the case to allow entry of judgment, pursuant to Alaska R. Crim.P. 36 concerning clerical mistakes, in accordance with the sentence actually imposed in open court. Therefore, we do not reach the issue of whether forfeiture of an aircraft could validly be imposed as a special condition of probation.

4. In superior court Graybill challenged the modification of his probation order to include specifications as to which aircraft was to be forfeited. His argument there was that AS 16.05.900 provides for penalties of up to $1,000 fine and six months imprisonment, but

untimely,[5] and suggested that Graybill proceed under Alaska R.Crim.P. 35(b) for post-conviction relief. He did so, but the state prevailed in superior court by way of summary disposition pursuant to Alaska R.Crim.P. 35(g)(3). From that summary disposition Graybill brings this second appeal.

Graybill's appeal rests upon his reading of the forfeiture section of AS 16.05.190, which in relevant part states:

> "[A]ircraft . . . seized under the provisions of this chapter . . . ., unless forfeited by order of the court, shall be returned . . . .."

While he does not deny that aircraft can be forfeited under the statute, Graybill contends that the proviso "unless forfeited by court order" refers to an order rendered pursuant to a civil proceeding in rem against the aircraft, and does not include sentences imposed upon offenders as part of criminal proceedings.

Graybill relies on *United States v. Pollastrine,* 8 Alaska.Rpts. 104 (D.Ak.1929),

which interpreted the territorial predecessor to AS 16.05.190.[6] The court there said:

> " . . . [N]o criminal court has the jurisdiction upon conviction of an offender for violation of the act to enter a decree of forfeiture, where a forfeiture is not prescribed as part of the penalty, but such procedure can be had legally only after a full hearing upon motion and opportunity to defend." 8 Alaska at 109.

Since the penalty provision, AS 16.05.900,[7] applicable to the statute under which he was convicted, AS 16.05.920(a),[8] does not mention forfeiture as part of the prescribed penalty, Graybill argues that the state must file a separate action in rem. *See United States v. $3,236,* 167 F.Supp. 495, 498 (D.Alaska 1958) (*dictum*).[9]

Under the territorial statute, the United States Attorney was required to institute an in rem action for forfeiture of siezed property.[10] In 1959 the Alaska legislature enacted a statute substantially sim-

---

that section does not provide for forfeiture of the aircraft. Forfeiture is provided for in AS 16.05.190, which provides:

> "Guns, traps, nets, fishing tackle, boats, aircraft, automobiles or other vehicles, sleds, and other paraphernalia used in or in aid of a violation of this chapter, or rule or regulation of the department may be seized under a valid search, and all fish and game, or parts of fish and game, or nests or eggs of birds, taken, transported, or possessed contrary to the provisions of this chapter, or rule or regulation of the department shall be seized by any person designated in § 150 of this chapter. Upon conviction of the offender or upon judgment of the court having jurisdiction that the item was taken, transported, or possessed in violation of t.. s chapter or rule or regulation of the department, all fish and game, or parts of them are forfeited to the state and shall be disposed of as directed by the court. . . . Guns, traps, nets, fishing tackle, boats, aircraft, or other vehicles, sleds, and other paraphernalia seized under the provisions of this chapter, or rule or regulation of the department, unless forfeited by order of the court, shall be returned, after completion of the case and payment of the fine, if any."

5. *Graybill v. State,* 522 P.2d 539 (Alaska 1974).

6. 48 U.S.C. § 192 *et seq.*

7. AS 16.05.900(a) provided in part:
   "A person who violates §§ 830, 870–895, or 920 of this chapter or any rule or regulation promulgated under this chapter is guilty of a misdemeanor and, upon conviction, is punishable by a fine of not more than $1,000 or by imprisonment for not more than six months, or by both . . . .."

8. *See* note 2, *supra.*

9. Graybill also relies on *Rubino v. State,* 391 P.2d 946 (Alaska 1964). That case is not helpful here, for there forfeiture was disallowed because the state had failed to seize Rubino's nets at the time of his arrest. Here Graybill's airplane was seized when he was arrested.

10. 48 U.S.C. § 201 provides in part:
   "It shall be the duty of the United States attorney for the division . . . in which any . . . aircraft . . . has been seized because used in the transportation of any wild animal, game fish, wild bird, or part thereof, or any nest or egg of such bird, illegally bought, sold, or possessed contrary to the provisions of [this title], to institute an action in rem against it for the forfeiture thereof to the United States in any case in which the disposition of such article is not involved in a criminal prosecution."

ilar to the law applied to Graybill.[11] The territorial law providing for forfeiture exclusively by mandatory in rem action was specifically repealed.[12] Thus Graybill's reliance on Alaska territorial cases is misplaced. While we agree that forfeiture is a civil remedy unless otherwise provided by statute, we believe that AS 16.05.190 as it applied to Graybill did so provide.

AS 16.05.190 [13] distinguishes between mandatory forfeiture of contraband (fish, game, birds) upon conviction, and discretionary forfeiture of paraphernalia (guns, traps, aircraft, etc.). Such paraphernalia "unless forfeited by order of the court, shall be returned, after completion of the case and payment of the fine, if any." Since the "case" and "fine" referred to in this section concern criminal proceedings, we find it reasonable to interpret an "order of the court" as likewise referring to orders rendered subsequent to a criminal conviction, as well as those following a separate civil action. The distinction which the legislature sought to draw between contraband and paraphernalia is between mandatory and discretionary forfeiture, not between requiring criminal or civil forfeiture proceedings as Graybill contends.[14]

It is commonly understood that forfeitures, even when civil in form, are basically criminal in nature.[15] At least one other state has held that a statute providing for forfeitures authorized either criminal or civil proceedings.[16] No case from any other jurisdiction has been cited to us which requires a separate in rem proceeding to effect a valid forfeiture, absent a specific statutory provision similar to that provided under Alaska territorial law.[17] Furthermore, we do not understand how such a separate civil proceeding, if judicially implied, could benefit Graybill.[18] Any arguments available to him to prevent forfeiture could have been presented in the context of his criminal trial and sentencing.[19] Thus we find that it was not necessary for the state to institute a separate civil in rem proceeding against Graybill's aircraft. The order of the trial judge is affirmed and the case remanded for entry of judgment in accordance with the sentence imposed.[20]

Affirmed.

11. Ch. 94 SLA 1959 § 23.

12. Ch. 94 SLA 1959 Art. IV, § 1; *see* Annot., ACLA 1949 639–10–1 (Cum.Supp.1958, Supp. 1959); ACLA 639–6–16.

13. Quoted note 4, *supra.*

14. Since Graybill's conviction, the legislature has clarified the statute with the enactment of the present AS 16.05.195(a), which explicitly provides for forfeiture alternatively through civil or criminal proceedings.

15. *Boyd v. United States,* 116 U.S. 616, 634, 6 S.Ct. 524, 29 L.Ed. 746 (1886); *Compton v. United States,* 377 F.2d 408, 411 (8th Cir. 1967). Their purpose is to penalize commission of offenses, *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 700, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); *United States v. One 1960 Ford Four-Door Galaxie Sedan,* 202 F.Supp. 841, 843 (E.D.Tenn.1962), and to deter future infractions. *People v. Reulman,* 62 Cal.2d 92, 41 Cal.Rptr. 290, 293 (1964).

16. *Department of Wildlife & Fisheries v. The Trawler Baltimore,* 213 La. 956, 36 So.2d 1 (1948), holding forfeiture of a fishing trawler in a civil proceeding proper, despite the fact that it was not preceded by a criminal trial. The court relied on the separate sections of La.Act No. 143 of 1942 § 17 (as amended by Act No. 78 of 1946), a construction not present in the Alaska statute. The court stated in dictum that the language "may be forfeited by order of the court" referred to an order following a criminal proceeding under the Louisiana statute. 36 So.2d at 2–3. That statute has since been codified into two sections, 56 La.Rev.Stat. §§ 507, 508.

17. Appellant cites *People ex rel. Hanrahan v. One 1965 Oldsmobile,* 52 Ill.2d 37, 284 N.E.2d 646 (1972); *State v. Kaufman,* 201 N.W.2d 722 (Iowa 1972) (*see* Iowa Code Ann. § 751.16.3); *Commonwealth v. One 1970 2 Dr. H. T. Lincoln Automobile,* 212 Va. 597, 186 S.E.2d 279 (1972); *Vasile v. District of Columbia,* 296 A.2d 443 (D.C.App. 1972); *Gatewood v. State,* 264 Md. 301, 285 A.2d 623 (1972). In each of these cases a statute explicitly required separate forfeiture proceedings.

18. This is especially true in light of the doctrine of collateral estoppel, which would prevent retrial of the crucial issues.

19. Indeed, Graybill's counsel requested, and the court granted, the return of certain items (two pair of snowshoes, a shotgun, two pairs of coveralls, and snowpack boots) which were not properly forfeitable under the statute.

20. *See* note 3, *supra.*