**Alexander N. RESEK, Sr., Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. S–205.**

Supreme Court of Alaska.

Aug. 30, 1985.

Rehearing Granted in Part and Opinion Amended Oct. 2 and Oct. 15, 1985.

may require that an appointment of counsel be made.

Daniel E. Winfree, Perkins, Coie, Stone, Olsen & Williams, Anchorage, for petitioner.

David Mannheimer, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for respondent.

## OPINION

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

RABINOWITZ, Chief Justice.

This petition presents the question of whether an indigent claimant has a constitutional right to appointed counsel at public expense in an in rem forfeiture proceeding. We hold that such an action is not a "criminal prosecution" within the meaning of Article 1, Section 11 of the Alaska Constitution, which provides that "[i]n all criminal prosecutions, the accused shall have the right to ... have the assistance of counsel for his defense." However, we recognize the potential for unfairness when the forfeiture action precedes a criminal prosecution, and thus we further conclude that in certain cases the trial court in its discretion

## INTRODUCTION

Petitioner Alexander N. Resek, Sr. was indicted by an Anchorage grand jury on one count of misconduct involving a controlled substance in the first degree, in violation of AS 11.71.010(a)(3),[1] and 46 counts of misconduct involving a controlled substance in the third degree, in violation of AS 11.71.030(a)(1).[2]

Alaska Statute 17.30.112(a) provides that:

Property listed in AS 17.30.110 may be forfeited to the state either upon conviction of the defendant of a violation of this chapter or AS 11.71, or upon judgment of a court in a separate civil proceeding in rem. The court may order a forfeiture in the in rem proceeding if it finds that an item specified in AS 17.30.-110 was used during or in aid of a violation of this chapter or AS 11.71.

Approximately two weeks after Resek was indicted, the state initiated four in rem forfeiture proceedings against property in which Resek claimed an ownership interest. AS 17.30.110 provides for the forfeiture of various types of property used or intended for use in connection with a felony violation of the state drug laws.[3] The statute reach-

---

1. AS 11.71.010 provides:

   (a) ... a person commits the crime of misconduct involving a controlled substance in the first degree if the person

   ....

   (3) engages in a continuing criminal enterprise.

   "Continuing criminal enterprise" is defined in subsection (b).

2. AS 11.71.030 provides:

   (a) ... a person commits the crime of misconduct involving a controlled substance in the third degree if the person

   (1) manufactures or delivers any amount of a schedule IIA or IIIA controlled substance with intent to manufacture or deliver; ...

3. AS 17.30.110 provides:

   *Items subject to forfeiture.* The following may be forfeited to the state:

   (1) a controlled substance which has been manufactured, distributed, dispensed, ac-

quired, or possessed in violation of this chapter or AS 11.71;

   (2) raw materials, products, and equipment which are used or intended for use in manufacturing, distributing, compounding, processing, delivering, importing, or exporting a controlled substance which is a felony under this chapter or AS 11.71;

   (3) property which is used or intended for use as a container for property described in (1) or (2) of this section;

   (4) a conveyance, including but not limited to aircraft, vehicles or vessels, which has been used or is intended for use in transporting or in any manner in facilitating the transportation, sale, receipt, possession, or concealment of property described in (1) or (2) of this section in violation of a felony offense under this chapter or AS 11.71; however,

   (A) a conveyance may not be forfeited under this paragraph if the owner of the conveyance establishes, by a preponderance of the evidence, at a hearing before the court as the

es actual contraband, profits from the illegal activity, and assets that, though acquired legitimately, were associated with the commission of the crime. The property at issue here can be classified under subsection (4) of that statute, which allows for the forfeiture of conveyances, and subsection (6), which allows for the forfeiture of proceeds from illegal drug transactions. The items include five automobiles, 35 ivory carvings, and approximately $16,500 in jewelry and cash.

Resek, claiming to be indigent, moved for court-appointed counsel in the four forfeiture proceedings.[4] In one action his motion was granted; in the other three the motion was denied, with one superior court judge commenting that "this represents a civil action, not a criminal action...." We granted Resek's petition to review two of the denials.[5]

## I.

Forfeiture laws have often been criticized as being harsh and inflexible,[6] yet they have survived numerous constitutional challenges. At common law in England, traitors and felons automatically forfeited all their real and personal property to the Crown. Since those convicted of such crimes were generally executed, the forfeiture penalty was felt most severely by the

offender's heirs.[7] After obtaining its independence, the United States repudiated this practice of "forfeiture of estate," and turned increasingly to the use of in rem forfeiture proceedings, which focus not on the criminal, but instead on the property used in connection with the criminal activity. It is the property that is proceeded against and, by resort to a legal fiction, held guilty and condemned as though it were conscious and capable of forming criminal intent. Presently, these laws are widespread and reach virtually any type of property that might be used in the conduct of a criminal enterprise.[8]

The statutory scheme at issue here is typical of modern day forfeiture and has many features commonly associated with civil proceedings. The state may seize the property and take it into custody upon a probable cause showing that the property is subject to forfeiture. AS 17.30.114. If, after publication and notice, no one claims an interest in the property, the items are ordered forfeited without any further proceedings. AS 17.30.116(b). In the event a claimant does appear, a trial is held before the court, sitting without a jury. AS 17.-30.116(c). The government bears the initial burden of demonstrating probable cause for the seizure. If the government satisfies its burden, the property owner must

---

trier of fact, that use of the conveyance in violation of this chapter or AS 11.71 was committed by another person and that the owner was neither a consenting party nor privy to the violation;

(B) a forfeiture of a conveyance encumbered by a valid security interest at the time of seizure is subject to the interest of the secured party if the secured party establishes, by a preponderance of the evidence, at a hearing before the court as the trier of fact, that use of the conveyance in violation of this chapter or AS 11.71 was committed by another person and that the secured party was neither a consenting party nor privy to the violation;

(5) books, records, and research products and materials, including formulas, microfilm, tapes, and data, which are used in violation of this chapter or AS 11.71;

(6) money, securities, negotiable instruments, or other things of value used in financial transactions derived from activity prohibited by this chapter or AS 11.71; and

(7) a firearm which is visible, carried during, or used in furtherance of a violation of this chapter or AS 11.71.

4. He was determined indigent for purposes of the criminal prosecution.

5. Resek's petition did not request review of Judge Douglas Serdahely's order denying his motion for appointed counsel.

6. See e.g., A Proposal to Reform Criminal Forfeiture Under RICO and CCE, 97 Harv.L.R. 1929 (1984); Herz, Michael E., Forfeiture Seizures and the Warrant Requirement, 48 Univ.Chi.L.R. 960 (1981).

7. 4 W. Blackstone, Commentaries 374–82.

8. See Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 683, 94 S.Ct. 2080, 2090–2091, 40 L.Ed.2d 452 (1974).

establish, by a preponderance of the evidence, that the property is not forfeitable.[9]

This court has previously recognized the fictional nature of the notion of "guilty chattel" and concluded that the due process clause places limits on the scope of the forfeiture action. In *State v. Rice,* 626 P.2d 104 (Alaska 1981), the issue was whether the state could acquire through forfeiture an airplane used to transport illegally taken game, even though the owner was not a participant in the criminal enterprise. We reviewed the various purposes underlying forfeiture and concluded that none is served when the property owner is an "innocent non-negligent third party." *Id.* at 114. This constitutional restriction is expressly recognized in AS 17.30.-110(4)(A), which provides for the remission of seized conveyances if the owner can establish that the felony was committed by another person and that the owner was neither a consenting party nor privy to the violation.

■ Section 11 of Article 1 of the Alaska Constitution guarantees numerous rights to the accused in a criminal prosecution, including the right to the assistance of counsel at public expense if the accused cannot afford counsel.[10] This court has defined "criminal prosecution," as that term is used in Article 1, as including (1) offenses for which a direct penalty may be incarceration, (2) offenses which may result in the loss of a valuable license, and (3) offenses for which the fine imposed is heavy enough to indicate criminality, because such a fine could be taken as a gauge of the ethical and social judgments of the community.[11] *Baker v. City of Fairbanks,* 471 P.2d 386, 402 and n. 29 (Alaska 1970). Although *Baker* concerned the right to jury trial, we held in *Alexander v. City of Anchorage,* 490 P.2d 910, 913 (Alaska 1971), that there is no justifiable reason for defining "criminal prosecution" any differently when referring to the right to counsel.

■ A claimant in a forfeiture action does not face loss of liberty as a direct result of the forfeiture action, nor does he face loss of a valuable license. The issue then is narrowed to whether forfeiture is equivalent to the imposition of a fine so heavy that it indicates criminality. This issue is really one of legislative intent, and we conclude that the nature of the forfeiture penalty clearly indicates that it was

---

**9.** AS 17.30.110(4). *See also* cases interpreting 21 U.S.C. § 881, from which the Alaska statute was patterned, *e.g., United States v. $4,255,-625.39,* 551 F.Supp. 314 (Fla.1982); *United States v. $2,500 in U.S. Currency,* 689 F.2d 10 (2nd Cir.1982).

**10.** Section 11 provides in full:
*Rights of Accused.* In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record. The accused is entitled to be informed of the nature and cause of the accusation; to be released on bail, except for capital offenses when the proof is evident or the presumption great; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.
In *Alexander v. Anchorage,* 490 P.2d 910, 913 (Alaska 1971) it was determined that the right to assistance of counsel includes the right to coun-

sel provided at no charge when the accused is indigent.

**11.** The right to counsel under the Alaska Constitution is more expansive than the corresponding right under the Sixth Amendment to the United States Constitution. In *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1977), the Court held that the right to appointed counsel applies only to indigents who face a deprivation of liberty.
The American Bar Association recommends that counsel be provided "in all proceedings arising from or connected with the initiation of a criminal action against the accused ... regardless of the designation of the tribunal in which they occur or classification of the proceedings as civil in nature." Providing Defense Services, Standard 5–4.2 (Approved draft 1979). This does not assist Resek, since the in rem forfeiture proceeding is independent from any criminal prosecution that may be initiated. The question of whether the forfeiture is itself a "criminal action" remains. The ABA standards do not define this term.

intended as a civil, not a criminal, sanction.[12]

The statute would not encompass such a broad range of conduct if the legislature were concerned only with providing a criminal penalty. As stated previously, property may be forfeited even if the owner is not criminally culpable for the illegal use to which the property has been put. Under *Rice*, property may be forfeited if the owner merely facilitated the crime, however passively, as long as he had reason to know of its commission. By contrast, a person cannot be convicted as an accomplice to a crime without a showing that he intentionally encouraged or assisted in the crime.[13]

Further, the forfeiture law does not attempt to tailor the amount of loss suffered through a forfeiture to the degree of culpability—to fit the "punishment" to the crime. The forfeiture penalty may be high for some, and negligible or nonexistent for others who are as deserving or even more deserving of criminal punishment.[14]

We recognize that application of the forfeiture laws can result in severe loss to a property owner, and that there clearly is a punitive component to the forfeiture laws.[15] Nonetheless, the absence of any correlation between the culpability of the property owner and the size of the penalty indicates that the legislature had additional aims in mind. In *Graybill v. State*, 545 P.2d 629 (Alaska 1976) this court recognized the strong deterrent aspect of the forfeiture laws. As the United States Supreme Court reasoned in *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 688, 94 S.Ct. 2080, 2094, 40 L.Ed.2d 452, 471 (1974), to the extent that forfeiture provisions apply to those who are not guilty of a criminal offense, "confiscation may have the desirable effect of inducing them to exercise greater care in transferring possession of their property."

Federal courts interpreting the forfeiture law, 21 U.S.C. § 881 (1981), the model for Alaska's statute, have also concluded that such an action is not so punitive in either purpose or effect as to negate the Congressional preference for the civil label. In *United States v. $2,500 in United States Currency*, 689 F.2d 10 (2nd Cir.1982), the claimant argued that forfeiture under 21 U.S.C. § 881 constitutes criminal punishment and thus due process is violated by placing the burden of proof upon the owner once probable cause has been established. The court noted the many legitimate remedial, non-punitive purposes:

> These include impeding the success of the criminal enterprise by eliminating its resources and instrumentalities, diminishing the efficiency and profitability of the business by increasing the costs and risks associated with it, and helping to finance the government's efforts to combat drug trafficking.

*Id.* at 13. *See also Kane v. McDaniel*, 407 F.Supp. 1239, 1242 (W.D.Ky.1975) (forfeiture not punishment for crime but rather a tool used by the state to restrict and prevent criminal enterprise); *United States v. One 1972 Datsun*, 378 F.Supp. 1200 (D.N.H.1974) (forfeiture helps cripple drug trafficking by depriving narcotics peddlers of the tools of their trade).

The United States Supreme Court recently ruled that double jeopardy does not preclude the holding of an in rem forfeiture proceeding against illegally used firearms after an acquittal in a criminal action based

---

12. Of course, such an inquiry requires an examination into the actual nature of the forfeiture law. The legislature's stated intent is not controlling.

13. "[I]t is essential that he in some way ' ... associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.'" *Evans v. State*, 550 P.2d 830, 841 (Alaska 1976), *quoting Gordon v. State*, 533 P.2d 25, 29 (Alaska 1975).

14. The dissent, which proposes a case-by-case approach, ignores this unique feature of the forfeiture law. Since there is no relationship between the value of the property and the culpability of the owner, it is difficult to understand how the question of whether forfeiture is a "criminal prosecution" turns on the amount of property involved.

15. *See Graybill v. State*, 545 P.2d 629 (Alaska 1976).

on the identical conduct. *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984).[16] The Court examined a number of considerations and concluded that the claimant had failed to establish that Congress has provided a sanction so punitive as to "transfor[m] what was clearly intended as a civil remedy into a criminal penalty." *Id.* at 371, 104 S.Ct. at 1107, *quoting Rex Trailer Co. v. United States*, 350 U.S. 148, 154, 76 S.Ct. 219, 222, 100 L.Ed. 149 (1956).[17] The fact that the proscribed behavior in that case was already a crime was the only feature lending support for calling forfeiture a criminal penalty. However, the Court concluded that even that indication is not as strong as it may first appear, since the legislative branch may impose both a criminal and a civil sanction for the same act or omission, and since the forfeiture statute covers a broader range of conduct than does the criminal code.

■ We conclude that the forfeiture action at issue here is a civil proceeding and not a "criminal prosecution" within the meaning of Article 1, Section 11 of the state constitution. It follows that an indigent claimant does not have a constitutional right to the assistance of counsel at public expense in a separate civil in rem

proceeding brought by the state pursuant to AS 17.30.112(a).[18]

## II.

When a forfeiture proceeding precedes a criminal prosecution significant self-incrimination problems arise. Since the focus in the forfeiture hearing is on whether there was a crime and, if so, the extent to which the property and owner were involved in the crime, some of the evidence introduced by the claimant in the civil forfeiture action may be relevant in the later criminal proceeding. In *McCracken v. Corey*, 612 P.2d 990 (Alaska 1980), we were presented with a similar problem in a different context. There, a parolee faced a revocation hearing prior to the criminal hearing based upon the same conduct. We recognized that at least two of the many policies underlying the privilege against self-incrimination were undermined by holding the revocation hearing prior to the criminal trial.

First, permitting the state to conduct a revocation hearing prior to a criminal trial offends the notions underlying the privilege against self-incrimination by disrupting the maintenance of a "fair state-individual balance" at the criminal trial, where the burden of proving the guilt of the defendant must be shouldered entirely by the state. *Id., quoting*

**16.** The Supreme Court also held that the difference in the relative burdens of proof in the criminal and civil actions precludes the application of the doctrine of collateral estoppel. Id. 465 U.S. at 368, 104 S.Ct. at 1104. ·

AS 17.30.112 provides that a "conviction or conviction of a lesser offense" is no defense in the civil in rem action.

**17.** The tests traditionally applied to determine whether an Act of Congress is penal or regulatory in character are enumerated in the Supreme Court's opinion:

"Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment ... whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears exces-

sive in relation to the alternative purpose assigned are all relevant to the inquiry, and may often point in differing directions."
*United States v. One Assortment of 89 Firearms*, 465 U.S. at —— n. 7, 104 S.Ct. at 1106, n. 7, 79 L.Ed.2d at 370 n. 7, *quoting Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–169, 83 S.Ct. 554, 567–568, 9 L.Ed.2d 644 (1963). This list is "neither exhaustive nor dispositive." *United States v. Ward*, 448 U.S. 242, 249, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980).

**18.** We also reject Resek's contention that due process requires that counsel be appointed for indigent claimants in a forfeiture action. This court has found such a right under the state constitution only when basic liberty interests are at stake, such as the parent-child relationship. *Flores v. Flores*, 598 P.2d 893 (Alaska 1979); *Reynolds v. Kimmons*, 569 P.2d 799 (Alaska 1977). The federal due process clause has been even more strictly construed. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).

*Murphy v. Waterfront Commission,* 378 U.S. 52, 55, 84 S.Ct. 1594, 1596, 12 L.Ed.2d 678, 681 (1964). There is the danger that the prosecution will use the revocation hearing, with its lower standard of proof, to gain evidence for the criminal trial, thus slighting its investigatory responsibilities. Second, forcing a parolee or probationer to choose between his right to remain silent and his opportunity to be heard, while possibly not rising to the level of "compulsion" prohibited by the Fifth Amendment, poses an unfair dilemma which "runs counter to our historic aversion to cruelty reflected in the privilege against self-incrimination." (footnotes omitted)

*Id.* at 995–96, *quoting People v. Coleman,* 13 Cal.3d 867, 120 Cal.Rptr. 384, 394, 533 P.2d 1024, 1034 (1975). In *McCracken,* this court, exercising its inherent supervisory powers, held that testimony presented by the parolee at a revocation hearing is inadmissible by the state in subsequent criminal proceedings.

In a forfeiture proceeding the danger of self-incrimination is even greater than in a parole revocation hearing, since the burden of proof is placed on the claimant to establish by a preponderance of the evidence that the seized property is not forfeitable.[19]

These concerns are presented whether or not the person who may incriminate himself is afforded the assistance of counsel. However, when one is unaided by an attorney and therefore not even aware of the scope of his privilege against self-incrimination, the problems are obviously aggravated.[20]

■ In forfeiture actions, the self-incrimination issue can be resolved simply by staying the proceeding until the criminal prosecution is concluded. AS 17.30.116(c) expressly provides that the forfeiture proceeding "may be held in abeyance until conclusion of any pending criminal charges against the claimant." When the claimant so requests, whether or not he is indigent, the trial court should stay the independent civil in rem forfeiture proceeding under this section, in the absence of strong countervailing circumstances.[21] If such circumstances do exist, use and derivative-use immunity may serve to protect the claimant's privilege against self-incrimination. *See McCracken v. Corey,* 612 P.2d 990, 997 (Alaska 1980).

■ In the situation in which there are no criminal charges pending or the forfeiture proceeding has not been stayed, the trial court has the discretion to require that counsel be provided to an indigent claimant, at least for the purpose of protecting the claimant's privilege against self-incrimination.

This case is REMANDED for proceedings consistent with this opinion.

COMPTON, Justice, dissenting.

To my mind, the court commits two significant errors in today's decision. First, it ignores the thrust of its own precedents regarding the broad scope of the right to counsel guaranteed by Alaska's Constitution. Second, it determines that so-called civil forfeiture proceedings arising out of allegedly criminal conduct do not constitute punishment. For reasons explained more fully below, I cannot agree with the court's treatment of these issues.

Alaska's Constitution provides that "[i]n all criminal prosecutions, the accused shall have ... the assistance of counsel for his

---

**19.** *See* AS 17.30.110(4)(A), and cases cited in note 9, *supra.*

**20.** In the civil forfeiture proceeding there is also the risk, not present in the parole revocation situation, that the prosecution will obtain discovery in order to circumvent the narrower criminal discovery rules. Although information that would furnish a "link in the chain" of evidence needed to prosecute is privileged and thus not subject to discovery in a civil proceed-

ing, *see In re Folding Carton Antitrust Litigation,* 609 F.2d 867, 871 (7th Cir.1979); *In re Master Key Litigation,* 507 F.2d 292 (9th Cir.1974), this is of little benefit to one uncounseled on the constitutional privilege against self-incrimination.

**21.** In most such cases it probably would be more efficient simply to have the property declared forfeited upon conviction on the underlying felony charges, pursuant to AS 17.30.112(a).

defense." Alaska Const. art. I, § 11. This court has interpreted section 11 to confer greater protections than the Sixth Amendment to the United States Constitution. *Compare Alexander v. City of Anchorage*, 490 P.2d 910, 913–15 (Alaska 1971) (the right to counsel covers offenses for which the penalty may be incarceration, loss of a valuable license or those acts which bear the stigma of criminal conduct) *with Scott v. Illinois*, 440 U.S. 367, 373–4, 99 S.Ct. 1158, 1161–1162, 59 L.Ed.2d 383, 389 (1979) (the right to counsel under the "Sixth and Fourteenth Amendments to the United States Constitution require[s] only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.").

This court has expressed in unmistakable terms its commitment to identifying rights and privileges guaranteed by Alaska's Constitution which go beyond what the federal law mandates. *E.g., Baker v. City of Fairbanks*, 471 P.2d 386, 401–03 (Alaska 1970). As the court boldly stated in *Baker:* "We need not stand by idly and passively, waiting for constitutional direction from the highest court of the land. Instead, we should be moving concurrently to develop and expound the principles embedded in our constitutional law." *Id.* at 402 (footnote omitted). Accordingly, the court has not hesitated to extend the right to counsel to include a number of non-criminal proceedings. *V.F. v. State*, 666 P.2d 42 (Alaska 1983) (termination of parental rights); *Flores v. Flores*, 598 P.2d 893 (Alaska 1979) (child custody); *Reynolds v. Kimmons*, 569 P.2d 799 (Alaska 1977) (paternity suits); *Otton v. Zaborac*, 525 P.2d 537 (Alaska 1974) (civil contempt proceedings).

Against this backdrop is placed the civil forfeiture which arises out of allegedly criminal conduct.[1] In attempting to classify this species of legal animal, courts have at times emphasized either its criminal or civil characteristics. For certain purposes claimants in these actions (those persons whose property is sought to be forfeited) receive the benefits of Fourth and Fifth Amendment protections normally associated with criminal proceedings. *E.g., United States v. United States Coin & Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971) (self-incrimination); *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965) (search and seizure); *Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886) (self-incrimination and search and seizure). For other purposes, as the Supreme Court has recently explained, certain protections are unavailable to a defendant/claimant in a forfeiture action. *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984) (no double jeopardy or issue preclusion claims in the civil proceeding following an acquittal of the criminal charge).

Obviously, forfeiture is a hybrid creature, neither strictly civil nor strictly criminal. Yet this court has emphasized and embraced the criminal character of forfeitures when it announced that "[i]t is commonly understood that forfeitures, even when civil in form, are basically criminal in nature." *Graybill v. State*, 545 P.2d 629, 631 (Alaska 1976). Numerous other tribunals have reached a similar conclusion. *E.g., United States v. United States Coin & Currency*, 401 U.S. at 718, 91 S.Ct. at 1043; *One 1958 Plymouth Sedan*, 380 U.S. at 700, 85 S.Ct. at 1250; *Compton v. United States*, 377 F.2d 408, 411 (8th Cir.1967); *United States v. One Reel of 35 MM Color Motion Picture Film*, 369 F.Supp. 1082, 1084 (E.D.N.Y.1972), *aff'd*, 491 F.2d 956 (2d Cir.1974); *Fell v. Armour*, 355 F.Supp. 1319, 1329 (M.D.Tenn.1972); *State v. One 1978 Chevrolet Corvette*, 8 Kan.App.2d 747, 667 P.2d 893, 896 (1983). Because the criminal nature figures so prominently in the forfeiture action, and because Alaska

---

**1.** The court cavalierly presumes in footnote 21 that all those charged will be found guilty. The allusion to a claimant's guilt or innocence is irrelevant because the issue involves determining the nature of the legal proceeding for purposes of establishing entitlement to appointed counsel. Furthermore, a claimant may have his property seized, and never recover it, even though criminal charges are never filed against him.

guarantees expansive right-to-counsel opportunities, indigent defendants in forfeiture actions should receive the aid of appointed counsel.

To avoid reaching the preceding conclusion, the court advances the fictional proposition that forfeiture is not a form of punishment. The previous quote from *Graybill* indicates the court has concluded differently on another occasion. Today's decision likewise acknowledges the "punitive component to the forfeiture laws...." *Opinion* at 292. I find it troubling that the court emphasizes "the strong deterrent aspect of the forfeiture laws," *Opinion* at 292, suggesting thereby that deterrence and punishment are mutually exclusive. This is plainly untenable since one of the principal factors to be considered in administering our penal laws is the deterrence of future undesirable conduct. *State v. Chaney*, 477 P.2d 441 (Alaska 1970); AS 12.55.005(5). The court acknowledged in *Chaney* that the deterrent effect of a sentence is a key factor to be considered by a sentencing court. *Chaney*, 477 P.2d at 444. Deterrence does not lose its punitive character simply because it is called "civil" rather than "criminal." The court should not base its holding on the erroneous theory that forfeiture is not punishment.

Equally troubling is the court's abdication of its responsibility to examine the severity of a fine as an indication of the criminality of an offense. Even if the court is not prepared to hold that forfeiture is punitive in all cases, it should require determining whether forfeiture rises to the level of punishment in each case. This approach comports with established precedent. *Baker*'s definition of criminal prosecution includes "offenses which ... connote criminal conduct in the traditional sense of the term." *Baker*, 471 P.2d at 402. The accompanying footnote explains

that "[a] heavy enough fine might also indicate criminality because it can be taken as a gauge of the ethical and social judgments of the community." *Id.* at 402 n. 29. Courts should not divest themselves of their authority to judge the severity of a forfeiture on a case-by-case basis.

The only reason the court provides for distinguishing forfeiture of money from other fines is legislative intent. We should not be so willing to let a mere label foreclose judicial inquiry into the underlying nature of a legal proceeding. The substance of this area of the law should not be determined by semantics—not where penalties severe enough to be criminal are potentially involved.[2] The court's refusal to permit appointed counsel in forfeiture cases represents an unwarranted retreat from the expansive approach of *Baker* and *Alexander*.

---

**2.** It is also rather anomalous to provide counsel for indigent defendants who face the loss of a driver's license, *Baker*, 471 P.2d at 402, but not for those who face loss of real property whose value may far exceed that of any license. Textually, neither the Alaska Constitution nor United States Constitution differentiates between the intrinsic worth of property versus liberty. To this extent, I share Justice Powell's view that deprivation of property can be just as serious as deprivation of liberty insofar as the right to counsel is concerned. *Argersinger v. Hamlin*, 407 U.S. 25, 48, 92 S.Ct. 2006, 2018, 32 L.Ed.2d 530, 545 (1972) (Powell, J., concurring).