ROBERT PLATSHORN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ROBERT MEINSTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Platshorn v. Commissioner
Docket Nos. 26213-81, 26644-81, 29798-82
United States Tax Court
T.C. Memo 1988-361; 1988 Tax Ct. Memo LEXIS 387; 55 T.C.M. (CCH) 1513; T.C.M. (RIA) 88361; August 9, 1988
Robert T. Platshorn, pro se in docket Nos. 26213-81, 229798-82. Robert Meinster, pro se in docket Nos. 26644-81. Michael J. Osman, for Howard Blumin (a nonparty witness). *388 Sergio Garcia-Pages, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: The issue we consider presently is whether Howard Blumin, a nonparty witness, properly invoked the Fifth Amendment privilege against self-incrimination when he refused to answer questions posed to him by respondent at the trial of these consolidated cases [1] in Atlanta, Georgia. In the interest of clarity, we have set forth the circumstances under which this issue arose. Background
On May 18, 1978, March 22, 1979, Howard Blumin testified before a Federal grand jury in Miami, Florida concerning the activities of several individuals believed to be members of a marijuana distribution ring. Mr. Blumin had been granted immunity as to that testimony. As a result of its investigation, the grand jury indicated petitioners and other individuals on various charges stemming from the importation and distribution of marijuana. Petitioners and others were later convicted in Federal district courts in North Carolina *389 and in Florida for crimes they had committed during the years 1974 through 1978. Their convictions having been affirmed on appeal, petitioners are currently serving sentences in separate Federal correctional institutions. Based on his determination that petitioners received unreported income from the sale of marijuana, respondent determined substantial deficiencies in Federal income tax and additions to tax pursuant to section 6653(b) [2] for the years 1976 through 1978. Petitioners filed timely petitions with the Court from their respective Federal prisons, seeking redetermination of the deficiencies in and additions to tax. The trial in these cases began in Atlanta, Georgia on October 19, 1987. On October 20, 1987, respondent called Howard Blumin as a witness. Respondent attempted to elicit testimony from the witness regarding his association with petitioners during the years 1976 through 1978. The questions asked by respondent closely tracked Mr. Blumin's prior immunized testimony before the Federal grand jury. [3] Mr. Blumin, who was *390 not granted immunity in the proceedings before this Court, refused to answer most of the questions posed to him by respondent, asserting his Fifth Amendment privilege against self-incriminating. He further alleged that if he testifies, he risks possible criminal prosecution as a co-conspirator under 18 U.S.C. section 371 (1982) (conspiracy) for violating the following Federal statutes including, but not limited to: (1) the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. section 1961 et seq. (1982)); (2) the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. sections 841(a)(1), 843(b), 848, 952, and 963 (1982)); and (3) the Attempt to Evade or Defeat Tax (section 7201 of the Internal Revenue Code of 1954). Additionally, Mr. Blumin contends that if he testifies, he risks state criminal prosecution for conspiracy in the following states including, but not limited to, Florida, Georgia, North Carolina and Pennsylvania. *391 At trial, Mr. Blumin orally moved this Court to order respondent to produce any investigatory reports pertaining to Mr. Blumin that may have been prepared by: (1) numerous United States governmental agencies; and (2) any state criminal investigatory agencies of the aforementioned states. Additionally, Mr. Blumin sought to have respondent produce similar investigatory reports with respect to certain named individuals who testified before the grand jury or who were either indicted or unindicted co-conspirators in connection with petitioners' criminal activities in North Carolina and Florida. We denied Mr. Blumin's oral motion by Order dated December 21, 1987. We further ordered respondent and Mr. Blumin to file briefs addressing the witness' Fifth Amendment privilege claim.
FIFTH AMENDMENT
The Fifth Amendment may excuse a witness from testifying in this Court. See Dellacroce v. Commissioner,83 T.C. 269 (1984) (privilege with respect to taxpayer). The witness may invoke the privilege when he reasonably apprehends a risk of self-incrimination although no criminal charges are pending against him. Marchetti v. United States,390 U.S. 39, 53 (1968); *392 Hoffman v. United States,341 U.S. 479, 486 (1951). The privilege not only extends to testimony which would support a conviction, but also to testimony which would furnish a link in the chain of evidence needed to prosecute. Hoffman v. United States, supra.If the testimony is incriminating, then the propriety of invoking the privilege depends on whether the risk of prosecution is real. Zicarelli v. New Jersey State Commission of Investigation,406 U.S. 472, 478 (1972); Marchetti v. United States, supra at 53; Stubbs v. Commissioner,797 F.2d 936, 938 n.2 (11th Cir. 1986), affg, per curiam an unreported order and decision of this Court. It is well established that the privilege does not protect against a fear of prosecution which is remote, speculative, or fanciful. Zicarelli v. New Jersey State Commission of Investigation, supra;Marchetti v. United States, supra;Stubbs v. Commissioner, supra.However, the privilege must be accorded liberal construction in favor of the right it was intended to secure. Hoffman v. United States, supra. *393 There is little doubt that the testimony sought from the witness is of an incriminating nature. The questions Mr. Blumin refused to answer closely tracked his immunized Federal grand jury testimony. That testimony linked the witness with petitioners and 29 co-conspirators, many of whom were later convicted. Truthful answers by the witness to respondent's questions might have disclosed that he was engaged in the proscribed activities. Moreover, the grant of immunity by Federal prosecutors to Mr. Blumin is a strong indication of the injurious nature of his testimony. See In re Corrugated Container Antitrust Litigation,662 F.2d 875, 883 (D.C. Cir. 1981). Indeed, it is the established policy of Federal prosecutors to offer immunity only to a witness who possesses information which is self-incriminating. See "Principles of Federal Prosecution," United State Attorney's Manual, Sec. 9-27.000 at Part F. Although we find Mr. Blumin's testimony potentially incriminating, it is necessary to determine whether the possibility of prosecution on the basis of this testimony is real and nor merely remote or speculative. To assess the possibility of prosecution, we must determine *394 whether there exists an absolute bar to prosecution, such as the statute of limitations, a grant of immunity, or double jeopardy. Respondent contends that the witness withdrew from the drug-smuggling conspiracy and therefore the statute of limitations bars his prosecution in all jurisdictions except North Carolina. Respondent further contends that the probability of Blumin's prosecution in North Carolina is remote and speculative. The witness contends that North Carolina's indefinite limitations period subjects him to possible criminal prosecution in that state. He further contends that the right to assert his privilege against self-incrimination depends on the possibility, not the probability that he will be prosecuted.
STATUTE OF LIMITATIONS
Generally under Federal law, the statute of limitations for conspiracy is five years. 18 U.S.C. sec. 3282 (1982). However, the statute of limitations for conspiracy involving an attempt to evade or defeat the payment of taxes is six years. Sec. 6531; Braverman v. United States,317 U.S. 49 (1942). The state statutes of limitations for conspiracy are as follows: (1) three years in Florida *395 (Fla. Stat. Ann. sec. 775.15(2)(b) (West Supp. 1988)); (2) four years in Georgia (Ga. Code Ann. sec. 17-3-1 (Supp. 1987)); and (3) five years in Pennsylvania (Pa. Stat. Ann. tit. 42, sec. 5552(b)(2), (3) (Purdon Supp. 1987)). North Carolina, however, does not have a statute of limitations for felonies, including conspiracy. State v. Johnson,275 N.C. 264, 167 S.E. 2d 274, 279 (1969). The limitations period for conspiracy begin to run when the individual effectively withdraws from the conspiracy. Hyde v. United States,225 U.S. 347, 368-369 (1912); United State v. Gornto,792 F.2d 1028, 1033 (11th Cir. 1986); In re Corrugated Container Antitrust Litigation, supra at 886. The witness contends that withdrawal is an affirmative defense to a charge of conspiracy and as such, it cannot be used by respondent to show that the statute of limitations has run. We recognize that withdrawal is an affirmative defense. However, in a criminal law context the issue of withdrawal is appropriate to the discussion of whether the statute of limitations has *396 run. The issue of withdrawal is appropriate because if Mr. Blumin withdrew from the conspiracy, then his prosecution would be barred by the Federal statutes of limitations, as well as by the statutes in Florida, Georgia, and Pennsylvania. If his prosecution is barred by the statutes of limitations, then there is no real risk of prosecution in those jurisdiction and he has no valid Fifth Amendment claim.
WITHDRAWAL FROM A CONSPIRACY
The presumption of continued participation in a conspiracy can be overcome by showing withdrawal by the conspirator. See, e.g., Hyde v. United States, supra at 369; United States v. Finestone,816 F.2d 583, 589 (11th Cir. 1987). To establish that Mr. Blumin withdrew from the conspiracy, it must be shown that he undertook affirmative steps, inconsistent with the object of the conspiracy, to disavow or to defeat the conspiratorial objectives, and either communicated those acts in a manner reasonably calculated to reach his co-conspirators or disclosed the illegal scheme to law enforcement authorities. See, e.g., United States v. United States Gypsum Co.,438 U.S. 422, 464-465 (1978); United State v. Finestone, supra. *397 When Mr. Blumin testified before a Federal grand jury on May 18, 1978, March 22, 1979, and March 27, 1979, he disclosed petitioners' illegal drug-trafficking scheme to law enforcement officials. By his testimony, Mr. Blumin took affirmative steps, inconsistent with the object of the conspiracy, to defeat the conspiratorial objectives. These facts support the conclusion that Mr. Blumin withdrew from the conspiracy at the latest on March 27, 1979, more than eight and one-half years before he testified in this Court. Therefore, the statute of limitations bars Mr. Blumin's prosecution for conspiracy under Federal law and under the laws of Florida, Georgia, and Pennsylvania. Mr. Blumin's prosecution, however, is not barred in North Carolina, due to the state's indefinite limitations period.
POSSIBILITY OF PROSECUTION
In late 1977, petitioners and other individuals attempted to import eleven tons of marijuana into North Carolina. In connection with this incident, petitioners and others were convicted on Federal charges of aiding and abetting the importation of marijuana under the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. secs. 952 *398 (a), 960(a)(1) and 18 U.S.C. sec. 2). Respondent contends that inasmuch as petitioners, the kingpins of this drug-smuggling operation, were never prosecuted under the laws of North Carolina for crimes they committed in that state, there is little likelihood that Mr. Blumin, petitioners' alleged bookkeeper, would be prosecuted more than ten years later. Mr. Blumin maintains that he is entitled to assert his Fifth Amendment privilege because prosecution in North Carolina is possible. Although it appears that North Carolina has not been particularly interested in bringing criminal charges against Mr. Blumin, the right to assert one's privilege against self-incrimination does not depend upon the likelihood of prosecution, but upon the possibility of prosecution. In re Corrugated Container Antitrust Litigation,620 F.2d 1086, 1091 (5th Cir. 1980); In re Folding Carton Antitrust Litigation,609 F.2d 867, 871-872 (7th Cir. 1979); In re Master Key Litigation,507 F.2d 292, 293 (9th Cir. 1974); United States v. Johnson,488 F.2d 1206, 1209 n.2 (1st Cir. 1973); United State v. Miranti,253 F.2d 135, 139 (2d Cir. 1958). *399 The testimony which respondent sought to compel regarding Mr. Blumin's association with petitioners may furnish a link in a chain of evidence sufficient to connect him with crimes that petitioners committed in North Carolina. As North Carolina has an indefinite statute of limitations for felonies, Mr. Blumin possibly could be prosecuted for conspiracy or other substantive crimes that were committed in that state. Therefore, we find that Mr. Blumin did have reasonable cause to fear prosecution in North Carolina for conspiracy or for various other felony offenses. However, by reason of the statute of limitations, Mr. Blumin is protected from prosecution in any of the other applicable jurisdictions. Accordingly, the witness is ordered to testify in this Court, except with regard to matters which may connect him with crimes committed by petitioners and others in North Carolina. Recognizing that the witness has a valid Fifth Amendment claim with regard to such matters, we will rule on the applicability of his privilege on a question by question basis. An appropriate order will be issued.
Footnotes
1. These cases were assigned pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code of 1986↩. 2. Hereinafter, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue. ↩
3. Inasmuch as the witness voluntarily gave respondent a transcript of his testimony before the Federal grand jury, the witness cannot claim that respondent has illegally obtained privileged grand jury testimony. Fed. R. Crim. P.6(e); United States v. Sells Engineering, Inc.,463 U.S. 418, 425 (1983); In re Application of Eisenberg,654 F.2d 1107, 1113↩ n.9 (5th Cir. 1981).